IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT
SAN ANTONIO DIVISION

| | |
|---|---|
| HUMBERTO RAMOS, | § |
| | § |
| V. | § CIVIL ACTION NO. _____ |
| | § |
| BEXAR METROPOLITAN WATER DISTRICT | § SA09CA0489 OG |
| | § |

## NOTICE OF REMOVAL

IN THE UNITED STATES DISTRICT COURT:

NOW COMES, Defendant BEXAR METROPOLITAN WATER DISTRICT and files this notice of removal under 28 U.S.C. § 1446(a).

### A. Introduction

1. On or about August 22, 2008, Plaintiff filed a lawsuit for alleged wrongful interception of communications in violation of the Texas Civil Practices and Remedies Act Chapter 123, intrusion on seclusion/invasion of privacy and intentional infliction of emotional distress in the 73rd Judicial District Court of Bexar County, Texas, in Cause No. 2008CI13594. Defendant received notice of the suit on or about August 28, 2009, when it was served by process server. On June 8, 2009, Plaintiff filed his First Amended Petition alleging additional causes of action for violation of the Federal Wiretap Act Chapter 119 of Title 18 of the United States Code including but not limited to 18 U.S.C. §§2511(1), 2520; violation of the constitutional right to privacy and to be free from unreasonable searches and seizures guaranteed by the United States Constitution amendments 1, 3, 4, 5, 9 and 14 and for damages under 42 U.S.C. 1983; and for recovery of attorneys' fees and costs pursuant to 42 U.S.C. §1988. Defendant subsequently files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

### B. Basis for Removal

2. Removal is proper because Plaintiff's suit involves a federal question. "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

3. Federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's complaint. *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998). As the master of its own complaint, a plaintiff may avoid federal jurisdiction by relying exclusively on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). To determine whether it has federal-question jurisdiction, a court must consider the degree to which federal law is in the forefront of the case - not collateral, peripheral, or remote. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 n. 11 (1986).

4. Plaintiff has brought a lawsuit alleging claims for relief under theories for violation of the Federal Wiretap Act Chapter 119 of Title 18 of the United States Code including but not limited to 18 U.S.C. §§2511(1), 2520; violation of the constitutional right to privacy and to be free from unreasonable searches and seizures guaranteed by the United States Constitution amendments 1, 3, 4, 5, 9 and 14 and for damages under 42 U.S.C. 1983; and for recovery of attorneys' fees and costs against Defendants. *See* Plaintiff's First Amended Petition and the entire certified copy of the state court file which is attached hereto as Attachment "A." As a result of Plaintiff's allegations, Plaintiff has pled not only causes of action under state law, but also an exclusively federal question – an

alleged violation of 42 U.S.C. §1983. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997).

5.      Defendant has been served and consents to the removal of this case to federal court, as evidenced by the signature of its Attorney-in-charge, affixed below. Defendant 6. Bexar County, where the removed action was filed, is encompassed by the United States District Court for the Western District of Texas, San Antonio Division.

7.      Defendant is concurrently filing a notice of removal with a copy of this notice of removal with the clerk of the state court in which the action has been pending and serve a copy on Plaintiff.

8.      This removal action is filed within thirty (30) days of the service of Plaintiff's First Amended Petition on Defendant. Defendant has done nothing to divest this Court of original jurisdiction over this lawsuit.

### C. Jury Demand

9.      No demand for jury was made by either parties in the state court case.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Cause No. 2008CI13594, now pending in the 73rd Judicial District Court of Bexar County, Texas, be removed to this Honorable Court. Defendant further requests that the Court grant any and all other relief to which Defendant may show itself justly entitled.

Respectfully submitted,

**LAW OFFICES OF**
**WILLIAM M. McKAMIE, P. C.**
941 Proton Road
San Antonio, Texas 78258
210.546.2122
210.546.2130 (Fax)

By: _____
WILLIAM M. McKAMIE
State Bar No. 13686800
(Attorney in Charge)
mick@mckamielaw.com
BRADFORD E. BULLOCK
State Bar No. 00793423
bradford@mckamielaw.com

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the **NOTICE OF REMOVAL** was served according to the Federal Rules of Civil Procedure, in the manner indicated below on the June 15, 2009 addressed to:

Elliott S. Cappuccio                    *Via CMRRR NO. 7160 3901 2764 0803*
Lance H. Luke Beshara
PULMAN, CAPPUCCIO, PULLEN & BENSON, L.L.P.
2161 NW Military HWY 400
San Antonio, Texas 78213-6164

_____
WILLIAM M. McKAMIE
BRADFORD E. BULLOCK

H:\Docs\Ramos\REMOVAL DOCUMENTS\Notice of Removal.Federal.doc